**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EBER BATISTA, on behalf of himself and other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| TREE GUYS PIZZA PUB, INC., and ANTHONY SANTORO, individually, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Eber Batista, (hereafter "Plaintiff") on behalf of himself and all other similarly situated employees, known and unknown, through his attorneys, for his Complaint against Defendants Tree Guys Pizza Pub, Inc., and Anthony Santoro, (hereafter "Defendants") states as follows:

### I.  NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs and similarly situated employees in violation of the FLSA and the IMWL. Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their earned and living wages. For the claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b). Plaintiff's consent to act as a Class representative is attached hereto as Exhibit A. For claims arising under the IMWL, Plaintiff seeks to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

1

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as a substantial part of the facts and events giving rise to Plaintiff's claims occurred within this judicial district.

## III. PARTIES

**Plaintiff**

3. During the course of their employment, Plaintiff:
   a. handled goods that moved in interstate commerce;
   b. Was an "employee" of Defendants as that term is defined by the FLSA, and the IMWL;
   c. Has resided in and been domiciled within this judicial district Illinois;

**Defendants**

4. Within the relevant time period, Defendant Tree Guys Pizza Pub, Inc.:
   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;
   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);
   c. Has had two or more employees that have handled goods that have moved in interstate commerce;

2

    d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq.*, and IWPCA 820 ILCS 115/1 *et seq*.

5. Within the relevant time period, Defendant Anthony Santoro:

    a. Has been a principal officer of Defendant Tree guys Pizza Pub Inc;

    b. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff and similarly situated employees, to authorize payment of wages to Plaintiff and similarly situated employees, to sign on the corporate Defendant's checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

    c. Was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), IMWL, 820 ILCS 105/3(c)*; and*

    d. Resides in this judicial district.

## FACTUAL BACKGROUND

6. Defendants operate a pizza restaurant located at 101 E Irving Park Rd, in Itasca, Illinois.

7. Within the relevant time period Plaintiff was employed by Defendants at their restaurant.

8. Plaintiff worked primarily as a cook for Defendants from approximately late October 2015 through Approximately May 22, 2018.

9. Defendant Anthony Santoro supervised Plaintiff and controlled Plaintiff's employment

10. Defendant Santoro is actively involved in managing his restaurant and exerts control over the terms of employment of employees at his restaurant.

11. Defendant Santoro is responsible for the unlawful scheme described herein that resulted in Plaintiff and similarly situated employees being denied overtime wages.

12. Within the three years prior to the filing of this lawsuit, Defendants regularly directed Plaintiff and similarly situated hourly employees to work in excess of forty hours.

13. Plaintiff regularly worked in excess of forty hours per week throughout their employment.

14. Throughout Plaintiff's employment, Defendants regularly failed to pay Plaintiff at time and half Plaintiff's regular rate.

15. Rather, Defendants regularly compensated Plaintiff at his regular rate of pay for all time worked, including all time worked in excess of forty hours per week, throughout their employment.

16. Likewise other similarly situated hourly employees of Defendants were not compensated at time and a half their regular rate for all time worked in excess of forty per week.

17. Defendants compensated Plaintiff and similarly situated employees for part of their hours worked each week with a company check and for rest of their hours worked, including all hours worked in excess of forty hours per week in cash.

18. Defendants instituted this unlawful compensation practice across all positions in Defendants' restaurant.

19. Defendants' failure to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours per week at time and a half Plaintiffs' regular rate of pay violated the overtime requirements of the FLSA and the IMWL.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff will seek to certify as a class action pursuant to FRCP Rule 23 their state law claims arising under the IMWL for overtime wages (Count II). Plaintiff will ask the Court to determine the rights of the parties pursuant to that statute and to direct Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

21. Count II, is brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendants have employed in excess of thirty (30) individuals as hourly employees during the IMWL, Class Period.

    b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

        i. Whether Plaintiff and similarly situated employees were covered by the overtime wage provisions of the FLSA and IMWL;

        ii. Whether Plaintiff and similarly situated employees worked in excess of forty hours per week for Defendants;

        iii. Whether Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

    c. The class representative and the members of the class have been equally affected by Defendants' failure to pay overtime wages.

      d.      Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation.

      e.      The class representative, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendants, and the Court.

22. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the Fair Labor Standards Act- Overtime Wages
### *Section 216(b) Collective Action*

23. Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this Complaint, as though set forth herein.

24. The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

25. Defendants suffered or permitted Plaintiff to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

26. Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

27. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

28. Defendants violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

29. Plaintiff and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendants have violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

### COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages
*Plaintiff on behalf of himself and similarly situated employees*

30. Plaintiff incorporates and re-alleges paragraphs 1 through 29 of this Complaint, as though set forth herein.

31. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

32. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

33. Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half her regular rate for all time worked

34. Plaintiff and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

35. Defendants violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

36. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

37. The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants in an hourly position since June 26, 2015 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiffs and the Class as provided by the IMWL;

C. Statutory damages for Plaintiffs and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendants have violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

                                      Respectfully submitted,

Dated: June 26, 2018

                                      <u>s/Alvar Ayala</u>
                                      Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiffs' Attorneys

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant(s) _Tree Guys Pizza_ within the prior three (3) years, that I have worked for Defendant(s) in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Eber Batista Nams_

Signature: _[signature]_

Date on which I signed this Notice: _6-18-2018_

Christopher J. Williams
Alvar Ayala
Workers Law Office, PC
53 W. Jackson Blvd., Ste. 701
Chicago, Illinois 60604
(312) 795-9121 Tel
(312) 929-2207 Fax

Attorneys for Plaintiffs